CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Luis Marquez**; <br><br> Plaintiff, <br><br> v. <br><br> **Summerwood, LP**, a Delaware Limited Partnership; **Sancam, Inc.**, a California Corporation; **Smart & Final Stores LLC**, a California Limited Liability Company; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Luis Marquez complains of Defendants Summerwood, LP, a Delaware Limited Partnership; Sancam, Inc., a California Corporation; Smart & Final Stores LLC, a California Limited Liability Company; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a

1

paraplegic who cannot walk and who uses a wheelchair for mobility.

2. Defendants Summerwood, LP and Sancam, Inc. owned the real property located at or about 4237 Woodruff Avenue, Lakewood, California, in March 2018.

3. Defendants Summerwood, LP and Sancam, Inc. own the real property located at or about 4237 Woodruff Avenue, Lakewood, California, currently.

4. Defendant Smart & Final Stores LLC owned the Smart and Final located at or about 4237 Woodruff Avenue, Lakewood, California, in March 2018.

5. Defendant Smart & Final Stores LLC owns the Smart and Final store ("Store") located at or about 4237 Woodruff Avenue, Lakewood, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believe that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of

Complaint

the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Store in March 2018 to buy coffee.
11. The Store is a facility open to the public, a place of public accommodation, and a business establishment.
12. Coffee grinders are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Store.
13. Unfortunately, the height of the coffee grinders are mounted so that their highest operable parts are greater than 34 inches above the finished floor and inaccessible to wheelchair users.
14. In fact, the height of the highest operable parts is about 75 inches in height. As a result, plaintiff was unable to grind his coffee grounds.
15. Check stands are another one of the facilities, privileges, and advantages offered by Defendants to patrons of the Store.
16. Unfortunately, the check stand counters are 42 inches in height, which is not accessible to wheelchair users.
17. Plaintiff personally encountered this barrier.
18. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.
19. Plaintiff plans to return and patronize the Store but he will be deterred from visiting until the defendants remove the barriers.
20. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the

Department of Justice as presumably readily achievable to remove and, in fact, are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

21. Plaintiff is and has been deterred from returning and patronizing the Store because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize the Store as a customer once the barriers are removed.

22. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).

23. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

25. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals

Complaint

with disabilities. 42 U.S.C. § 12183(a)(2).

26. Where there are self-service shelves and dispensing devices for food and beverages, at least 50% of them (and in some cases all of them) must comply with certain height and reach requirements. 1991 Standards § 5.5 and 5.6. Where the clear floor space allows parallel approach by a person in a wheelchair but the reach is over an obstruction, the maximum height of the obstruction cannot exceed 34 inches. 1991 Standards § 4.2.6 & Fig. 6(c). Additionally, the maximum depth of that reach cannot be greater than 24 inches. *Id*.

27. Here, the failure to comply with the height and reach requirements for the coffee grinders is a violation of the law.

28. In areas used for transactions where check-out counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is no more than 38 inches in height. Additionally, the top of the lip shall not exceed 40 inches above the finish floor. 1991 Standards § 7.3. 2010 Standards § 904.3.2.

29. Here, no such accessible counter has been provided and is in violation of the ADA.

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

31. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

32. Given its location and options, plaintiff will continue to desire to patronize the Store but they have been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seek injunctive relief to remove the barriers.

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

34. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51(f); Arnold v. United Artists Theatre Circuit, Inc., 866 F. Supp. 433, 439 (N.D.Cal.1994).

35. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

36. Defendants' acts and omissions, as herein alleged, have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

37. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: April 27, 2018                    CENTER FOR DISABILITY ACCESS

By: _____

Chris Carson, Esq.
Attorney for plaintiff

Complaint